1 | DEBRA WONG YANG
United States Attorney
2 | THOMAS P. O'BRIEN
Assistant United States Attorney
3 | Chief, Criminal Division
STEVEN R. WELK
4 | Assistant United States Attorney
Chief, Asset Forfeiture Section
5 | JOHN E. LEE
Assistant United States Attorney
6 | California Bar No. 128696
1500 United States Courthouse
7 | 312 North Spring Street
Los Angeles, California 90012
8 | Telephone: (213) 894-3995
Facsimile: (213) 894-3713
9 | E-Mail: john.lee2@usdoj.gov

10 | Attorneys for Plaintiff
UNITED STATES OF AMERICA

11 |

12 |                    UNITED STATES DISTRICT COURT

13 |            FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 |                         WESTERN DIVISION

15 |

16 | UNITED STATES OF AMERICA,        )  NO. CV 04-8333-FMC(AJWx)
                                     )
17 |              Plaintiff,          )  STIPULATION ATTACHING
                                     )  EXHIBITS TO CONSENT JUDGMENT;
18 |       v.                         )  ▮▮▮▮▮▮▮ ORDER THEREON
                                     )
19 | ONE OIL PAINTING ENTITLED "FEMME )
     EN BLANC" BY PABLO PICASSO,     )
20 |                                  )
              Defendant,             )
21 | _____  )
                                     )
22 | MARILYNN D. ALSDORF and          )
     THOMAS C. BENNIGSON,            )
23 |                                  )
              Claimants,             )
24 | _____  )
                                     )
25 | AND RELATED ACTION.              )
     _____  )

26 |

27 |     WHEREAS, on November 4, 2005, the parties hereto, plaintiff

28 | United States of America, claimant and cross-complainant Thomas C.

FILED
CLERK, U.S. DISTRICT COURT
NOV 17 2005
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

DOCKETED ON CM
NOV 17 2005
BY ___ 007

LODGED

95

1 | Bennigson, and claimant and cross-defendant Marilynn D. Alsdorf,

2 | lodged a [Proposed] Consent Judgment, a Joint Request to Enter

3 | Consent Judgment, and Declaration of David M. Rownd;

4 |     WHEREAS the [Proposed] Consent Judgment referenced, but

5 | inadvertently did not attach Exhibits A (Acknowledgment of Notice

6 | and Release of Claims of Silva-Casa Foundation), B (Settlement

7 | Agreement and General Release), and C (published Notices);

8 |     WHEREAS, on November 7, 2005, the government filed a Notice of

9 | Filing of Exhibits A and B to Consent Judgment, but did not attach

10 | Exhibit C to the Notice;

11 |     WHEREAS, on November 9, 2005, the Consent Judgment was entered

12 | in this matter; and

13 |     WHEREAS the parties intended and desire that Exhibits A, B,

14 | and C, described above and attached hereto, be attached to and be a

15 | part of the Consent Judgment,

16 |     IT IS HEREBY STIPULATED by the parties hereto that the Court

17 | may enter the order set forth below.

18 |     DATED:  November 14, 2005   DEBRA WONG YANG

19 | United States Attorney
THOMAS P. O'BRIEN

20 | Assistant United States Attorney
Chief, Criminal Division

21 | STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

24 | JOHN E. LEE
Assistant United States Attorney

25 | Attorneys for Plaintiff
UNITED STATES OF AMERICA

-2-

1  DATED: November 14, 2005    BURRIS & SCHOENBERG, LLP
                               E. RANDOL SCHOENBERG, ESQ.
2                              DONALD S. BURRIS, ESQ.
                               JESSICA A. MOSKOVITZ, ESQ.
3

4

5                              E. RANDOL SCHOENBERG, ESQ.

6                              Attorneys for Claimant and Cross-
                               Complainant THOMAS C. BENNIGSON
7
   DATED: November   , 2005    SHEPPARD MULLIN RICHTER & HAMPTON
8                              POLLY TOWILL, ESQ.

9                              FAGELHABER LLC
                               RICHARD H. CHAPMAN, ESQ.
10                             DAVID M. ROWND, ESQ.

11

12                             DAVID M. ROWND, ESQ.

13
                               Attorneys for Claimant and Cross-
14                             Defendant MARILYNN D. ALSDORF

15                ORDER

16     Upon the foregoing stipulation of the parties, and good cause

17 appearing, IT IS HEREBY ORDERED that Exhibits A, B, and C, attached

18 hereto, shall be deemed attached to and be a part of the Consent

19 Judgment entered on November 9, 2005.

20     DATED: _____

21

22                             _____
                               FLORENCE-MARIE COOPER
23                             United States District Judge

24

25

26

27

28

                        -3-

DATED: November __, 2005

BURRIS & SCHOENBERG, LLP
E. RANDOL SCHOENBERG, ESQ.
DONALD S. BURRIS, ESQ.
JESSICA A. MOSKOVITZ, ESQ.

E. RANDOL SCHOENBERG, ESQ.

Attorneys for Claimant and Cross-
Complainant THOMAS C. BENNIGSON

DATED: November __, 2005

SHEPPARD MULLIN RICHTER & HAMPTON
POLLY TOWILL, ESQ.

FAGELHABER LLC
RICHARD H. CHAPMAN, ESQ.
DAVID M. ROWND, ESQ.

David M Rownd

DAVID M. ROWND, ESQ.

Attorneys for Claimant and Cross-
Defendant MARILYNN D. ALSDORF

ORDER

Upon the foregoing stipulation of the parties, and good cause appearing, IT IS HEREBY ORDERED that Exhibits A, B, and C, attached hereto, shall be deemed attached to and be a part of the Consent Judgment entered on November 9, 2005.

DATED: Nov. 17, 2005

Florence-Marie Cooper
FLORENCE-MARIE COOPER
United States District Judge

-3- 4

26/07 2005 15:32 FAX  0207 841 5781          ART LOSS REGISTER                      ☑002/004
Faxabsender :                                                  26/07/05   11:12   S. :  2/4

SCANNED

## ACKNOWLEDGMENT OF NOTICE AND RELEASE OF CLAIMS

The Silva Casa Foundation, for itself, its successors, heirs, and assigns, hereby acknowledges notice of the action captioned <u>United States of America v. One Oil Painting Entitled "Femme en Blanc" by Pablo Picasso</u>, Case No. CV04-833, filed on October 6, 2004 in the United States District Court for the Central District of California (the "Forfeiture Action") in which issues of ownership of the painting entitled "Femme en Blanc" by Pablo Picasso (the "Painting") have been submitted to the court and in which all claimants had the right to assert claims of ownership to the Painting. The Silva Casa Foundation hereby affirms that, as the heir to Justin Thannhauser, it previously asserted a claim of ownership to the Painting based on the London, England based organization known as the Art Loss Register's representation to it that the Painting had been owned by Mr. Thannhauser and stolen by the Nazi's from his home in Paris, France during World War II. The Silva Casa Foundation further affirms that the Art Loss Register subsequently represented to it that based on newly discovered information, the Art Loss Register had concluded that the Painting had not been owned by Mr. Thannhauser, but instead had been owned by a German resident Carlotta Landsberg who had sent the Painting to Mr. Thannhauser for safekeeping prior to World War II. The Silva Casa Foundation hereby affirms that it no longer contends that it has a claim of ownership to the Painting and that, for that reason, it did not file a claim in the Forfeiture Action.

The Silva Casa Foundation hereby releases and discharges Marilynn D. Alsdorf, her successors, heirs, and assigns from all claims, causes of action, rights, demands, liabilities, and suits including, but not limited to, any claims, causes of action, rights, demands, liabilities, and suits arising from any claim of ownership to the Painting (the "Released Claims").

The Released Claims also include "Unknown Claims," which means any Released Claim which the Silva Casa Foundation does not know or does not suspect to exist in its favor at the time of the release which, if known by it, might have affected its release of claims against Mrs. Alsdorf. With respect to any and all Released Claims, the Silva Casa Foundation expressly waives the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Silva Casa Foundation expressly waives any and all provisions, rights, and benefits conferred by any laws of any state or territory of the United States or other Nation or principles of common law that are similar, comparable, or equivalent to California Civil Code § 1542. The Silva Casa Foundation may hereafter discover facts in addition to, or different from, those which it now knows or believes to be true with respect to the subject matter of the Released Claims, or may sustain losses or damages in the future, or discover that it has sustained losses or damages that are presently unknown.



5  "                    EXHIBIT A

2

The Silva Casa Foundation shall be deemed to have fully, finally, and forever settled and
released any and all Released Claims, known or unknown, suspected or unsuspected,
contingent or non-contingent, whether or not concealed or hidden, which now exist or
heretofore have existed upon any theory of law or equity now existing or coming into
existence in the future, including, but not limited to, conduct which is negligent,
intentional with or without malice or any breach of any duties, laws, or rules, without
regard to the subsequent discovery or existence of such different or additional facts.

DATED: July 25, 2005

By _____
Name:    Prof. Ewald R. WEIBEL
Title:    Member of the Foundation
         Council of the Silva-Casa
         Foundation

APOSTILLE
(Convention de la Haye du 8 octobre 1961)
1. Pays:      Suisse
Le présent acte public
2. a été signé par .... P. F. BÜHLER
3. agissant en qualité de .. NOTAIRE
4. est revêtu du sceau/timbre de ti ...............

Attesté
5. à Genève        6. le   2 5 JUIL 2005
7.
République et Canton de Genève
8. sous N°  2923

Patrick MÜLLER
...... administratif

By _____
Name:    Janet F. BRINER
Title:    Member of the Foundation
         Council of the Silva-Casa
         Foundation

Seen for the legalisation of the above
signature of Mrs Janet Briner.

Geneva, the 25th July 2005



Fr.

## *LEGALIZATION*

**Barbara Freiburghaus,** notary public of the Canton of Berne, with office in Berne and Neuenegg (Switzerland)

### *certifies:*

The signature „Weibel" was acknowledged to be written in his own hand by **Prof. Dr. med. Ewald Rudolf Weibel,** born 05.03.1929, from Bern BG und Weggis LU, in 3037 Herrenschwanden, Riedernstrasse 12, Switzerland, who is competent to act. He is known to the notary personally.

Certified at the office of the notary public in Berne, Zeughausgasse 18, on the twenty-sixth July two thousand and five.

### D.d. 26th July 2005

**Reg. B No 1676**



APOSTILLE
(Convention de La Haye du 5 octobre 1961)

1. Country: Swiss Confederation, Canton of Berne
   This public document
2. has been signed by Barbara Freiburghaus
3. acting in the capacity of notary
4. bears the seal/stamp of notary's office of the canton of Berne

Certified
5. at Berne    6. the 26/07/2005
5. by Jörg Vogt
7. by ___
official of the Chancellery of State of the Canton of Berne
8. under number: 0360
9. Stamp/seal    10. Signature

Tax CHF 15.—

7

## SETTLEMENT AGREEMENT
## AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into this 8th day of August, 2005, by and between Thomas C. Bennigson ("Mr. Bennigson"), Marilynn B. Alsdorf ("Mrs. Alsdorf"), David Tunkl ("Mr. Tunkl") and the United States of America (the "Government") (collectively the "Settling Parties").

## RECITALS

WHEREAS, Mrs. Alsdorf and her late husband James purchased a painting by Pablo Picasso known as "Femme en Blanc" (the "Painting") in 1976 from the Stephen Hahn Gallery in New York, New York.

WHEREAS, on December 19, 2002, Mr. Bennigson filed a lawsuit against Mrs. Alsdorf and Mr. Tunkl in the Superior Court of Los Angeles County, California, Case Number BC287294 (the "California State Action"), in which Mr. Bennigson generally asserted: (1) that the Painting had been owned by his grandmother, Carlota Landsberg, in Germany in the 1930's; (2) that in 1938 or 1939 Mrs. Landsberg had sent the Painting to an art dealer in Paris, France named Justin Thannhauser; (3) that the Painting was looted by the Nazis from Mr. Thannhauser's home in Paris during World War II; and (4) that as the sole heir of Carlota Landsberg, he is entitled to recover the Painting.

WHEREAS, on June 16, 2003, the Superior Court in the California State Action found that it lacked personal jurisdiction over Mrs. Alsdorf and granted Mrs. Alsdorf's Motion to Quash the Summons served on her in the California State Action (the "Quash Order").

WHEREAS, Mr. Bennigson appealed that Quash Order to the California Court of Appeal and on April 15, 2004, the California Court of Appeal affirmed the Quash Order.

WHEREAS, on July 28, 2004, the California Supreme Court accepted review of Mr. Bennigson's appeal from the Quash Order and Mr. Bennigson's appeal is currently pending before the California Supreme Court (the "California Supreme Court Appeal").

WHEREAS, the California State Action against Mr. Tunkl has been stayed by the Superior Court of Los Angeles County, California, pending a decision by the California Supreme Court on the Supreme Court Appeal, which stay order remains in effect.

WHEREAS on September 10, 2004, Mrs. Alsdorf filed an action in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1655, Case No. 04-C-5953, in which she requested that the Court enter an order removing the cloud that Mr. Bennigson had placed upon her title to the Painting (the "Illinois Federal Action").

WHEREAS, on December 2, 2004, the Northern District of Illinois entered an order staying the Illinois Federal Action pending the California Supreme Court's resolution of the appeal in the California State Action, which stay order is currently still in effect.



EXHIBIT B

WHEREAS, on October 6, 2004, the Government filed an action in the United States District Court for the Central District of California, Case No. CV04-8333, (the "Forfeiture Action") in which it contended the Painting is subject to forfeiture pursuant to 18 U.S.C. § 981 on the grounds that the Painting qualifies as stolen property which has been transported in interstate commerce in violation of 18 U.S.C. §2314 and 2315.

WHEREAS, Mrs. Alsdorf and Mr. Bennigson both filed Statements of Interest in the Painting in the Forfeiture Action, each claiming that he or she is the rightful owners of the Painting.

WHEREAS, Mr. Bennigson filed a Crossclaim against Mrs. Alsdorf in the Forfeiture Action, asserting that he had a superior ownership right in the Painting and that Mrs. Alsdorf had wrongfully refused to turn the Painting over to him.

WHEREAS, Mrs. Alsdorf contends that she is the rightful and legal owner of the Painting, denies any wrongdoing or legal liability to Mr. Bennigson and denies that the Painting is subject to forfeiture.

WHEREAS, Mr. Tunkl denies any wrongdoing or legal liability to Mr. Bennigson and denies that the Painting is subject to forfeiture.

WHEREAS, it is the desire of the parties hereto to fully and finally settle and resolve all disputes and differences which exist between them.  It is the desire of the parties that this Agreement serve to fully and finally resolve such disputes and to resolve any claims, actions, rights, damages, injuries or losses which are known or unknown, including, without limitation, all claims and actions which were or could have been raised in the California State Action, the Illinois Federal Action or the Forfeiture Action and to establish uncontestable legal title to the Painting in Mrs. Alsdorf's name.

## TERMS AND CONDITIONS

1.    RECITALS.

Each of the foregoing recitals is hereby incorporated into and made a part of this Agreement by this reference thereto, as if fully restated.

2.    PUBLICATION OF NOTICE OF FORFEITURE ACTION.

Within ten days of the execution of this Agreement and each week for six weeks thereafter, at Mrs. Alsdorf's expense, notice of the Forfeiture Action shall be published in a form substantially similar to the Public Notice attached hereto as Exhibit A (translated to the language of the publication) in the New York Times, The Financial Times, Le Monde and Frankfurter Allgemeine.

3.    ENTRY OF CONSENT JUDGMENT IN FORFEITURE ACTION

Within ten days of the expiration of time for filing claims in the Forfeiture Action after the publication of the Notice referenced in Paragraph 2, the Parties to the Forfeiture Action shall sign and

lodge a proposed Consent Judgment in the Forfeiture Action declaring and decreeing that Mrs. Alsdorf holds legal title to the Painting substantially similar in form to Exhibit B.

4.  DISMISSAL OF THE CALIFORNIA STATE ACTION, THE CALIFORNIA SUPREME COURT APPEAL AND THE ILLINOIS FEDERAL ACTION

Within ten days of the entry of a Consent Judgment in the Forfeiture Action declaring and decreeing that Mrs. Alsdorf holds legal title to the Painting substantially similar in form to Exhibit B hereto, the Parties to the California State Action and the Illinois Federal Action shall file joint motions to dismiss each action pursuant to this Settlement Agreement. Within ten days of the entry of a Consent Judgment in the Forfeiture Action, Mr. Bennigson and Mrs. Alsdorf shall file a joint motion with the California Supreme Court to dismiss the California Supreme Court Appeal.

5.  ALSDORF SETTLEMENT PAYMENTS.

In consideration for this Agreement, the entry of a Consent Judgment in the Forfeiture Action declaring and decreeing that Mrs. Alsdorf holds legal title to the Painting substantially similar in form to Exhibit B hereto and the dismissal of the California State Action, the California Supreme Court Appeal and the Illinois Federal Action, Mrs. Alsdorf shall make the following Payments to Mr. Bennigson, care of the Burris & Schoenberg, LLP Client Trust Account

> US Bank 12100 Wilshire Blvd.
> Los Angeles, CA 90025
> Swift Code: USBKUS44IMT
> ABA Routing #122235821
> Trust Acct # 153492113623
> Tax ID # 72-1528618:

A.  Four Million USD ($4,000,000.00) within Ten days of the entry of a Consent Judgment in the Forfeiture Action declaring and decreeing that Mrs. Alsdorf holds legal title to the Painting substantially similar in form to Exhibit B hereto and the dismissal of the California State Action, the California Supreme Court Appeal and the Illinois Federal Action; and

B.  Two Million Five Hundred Thousand USD ($2,500,000.00) within Thirty days of the sooner of: (i) the first anniversary of the entry of a Consent Judgment in the Forfeiture Action declaring and decreeing that Mrs. Alsdorf holds legal title to the Painting substantially similar in form to Exhibit B hereto and the dismissal of the California State Action, the California Supreme Court Appeal and the Illinois Federal Action; or (ii) Mrs. Alsdorf's receipt of funds from the sale of the Painting to a third party after the entry of a Consent Judgment in the Forfeiture Action declaring and decreeing that Mrs. Alsdorf holds legal title to the Painting substantially similar in form to Exhibit B hereto and the dismissal of the California State Action, the California Supreme Court Appeal and the Illinois Federal Action.

6. **CONTINGENT TUNKL SETTLEMENT PAYMENTS**.

In consideration for this Agreement and the dismissal of the California State Action, in the event that Mr. Tunkl earns any commission from the sale of the Painting to a third party within three years after the entry of a Consent Judgment in the Forfeiture Action, Mr. Tunkl shall make a payment to Mr. Bennigson in an amount equal to ten percent (10%) of Mr. Tunkl's net commission from such sale, care of the Burris & Schoenberg, LLP Client Trust Account

> US Bank 12100 Wilshire Blvd.
> Los Angeles, CA 90025
> Swift Code: USBKUS44IMT
> ABA Routing #122235821
> Trust Acct # 153492113623
> Tax ID # 72-1528618:

Nothing in this Agreement shall obligate Mrs. Alsdorf to sell the Painting in any manner which would entitle Mr. Tunkl to a commission from the sale of the Painting.

7. **MUTUAL RELEASES**.

For and in consideration of this Agreement and the payment of the Settlement Payments, each party hereto hereby forever releases and discharges each other and their respective heirs, administrators, officers, directors, shareholders, employees, agents, attorneys, legal representatives, successors and assigns, whether or not named or referred to herein, of and from all, any and every claim, demand, damage, debt, right, action, cause of action, of whatever kind and nature, whether sounding in contract or in tort, either at law or in equity, whether based on statute, common law, rule, regulation, patent or theory, whether direct or consequential, compensatory or exemplary, liquidated or unliquidated, known or unknown, insured or uninsured, foreseeable or unforeseeable, which any party now has or ever had or which his successors and assigns shall or may have, for, upon or by reason of any matter, cause or thing whatsoever existing on or at any time prior to the date of this Agreement, including, without limitation, all claims arising out of or relating to the Painting.

8. **WAIVER AND RELEASE OF ALL UNKNOWN CLAIMS**:

Each party to this Agreement acknowledges that it is familiar with the provisions of California Civil Code § 1542, which reads as follows:

> "A general release does not extend to claims which the
> creditor does not know or suspect to exist in his favor at the
> time of executing the release, which if known by him must
> have materially affected his settlement with the debtor."

Each party acknowledges that it may have sustained damages, expenses, and losses which are presently unknown or not suspected, and that such damages, expenses, and losses, if any, may give rise to additional claims for damages, expenses, and losses in the future which are not now anticipated by it. Nevertheless, each party acknowledges that this Agreement has been negotiated and agreed upon in light

of this realization and, being fully aware of the situation, hereby expressly waive any and all rights that they may have under California Civil Code § 1542, as well as under any state or federal law of similar effect.

9.      EFFECTIVENESS AND SCOPE OF RELEASE

        The parties hereto expressly waive and relinquish the benefit of any and all laws that purport in any way to limit the effectiveness or scope of the release and discharge provided in this Agreement, including, without limitation, the type or extent of any Claim released and discharged hereby.

10.     MRS. ALSDORF RELEASE OF STEPHEN HAHN

        For and in consideration of this Agreement, within ten days of the execution of this Agreement, Mrs. Alsdorf shall sign and tender to Stephen Hahn, care of Jeremy Epstein, Shearman & Sterling, 599 Lexington Avenue, New York, NY 10022-6069, the Release attached as Exhibit C to this Agreement.

11.     INDEPENDENT LEGAL ADVICE

        Each party has received independent legal advice from its attorneys, with respect to the advisability of making the settlement provided for herein, with respect to the advisability of executing this Agreement, and with respect to the meaning of California Civil Code Section 1542.

12.     JOINT PRESS RELEASE.

        Within seven days of the execution of this Agreement, the Settling Parties shall issue the Joint Press Release, attached as Exhibit D. Each of the Settling Parties and their attorneys and agents further agree that they shall not make disparaging remarks about any other party at any time.

13.     NON-ADMISSION OF LIABILITY

        No provision(s) of the Agreement shall be construed or deemed to be evidence of an admission by any party of any fact, matter, thing or liability of any kind. Each and every party denies any liability of any kind to any other party for any purpose, and denies that any defense raised by any adverse party has merit, and this Agreement is made solely and entirely as a compromise and for the purpose of fully and finally resolving the disputed matters referred to herein. Neither the Agreement nor any term(s) thereof shall be offered or received as evidence in any proceeding in any forum as an admission of any liability or wrongdoing on the part of any party hereto.

14.     COVENANT NOT TO SUE OR FILE CHARGES

        Each and every party hereto agrees not to institute any lawsuit or claim against any named party herein or any released party in any state or federal court or other proceeding, including, but not limited to, arbitration, or file any charge with any administrative agency based upon or arising out of, or relating to any claim, demand, or cause of action released herein. Each and every party hereto further agrees not to participate, assist or cooperate in any claim, charge, suit, complaint, action or proceeding regarding the other party, unless required to do so by law.

-8-

12

SCANNED

15.   SUBSEQUENT PROCEEDINGS

This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of, relates to, or has anything to do with the rights and claims waived, released and discharged by this Agreement.

16.   COSTS AND ATTORNEYS' FEES INCURRED IN THE ACTION

It is understood and agreed that all parties hereto shall bear their own costs and attorneys' fees incurred in the Action, and to the negotiation, preparation and execution of this Agreement.

17.   AUTHORITY TO EXECUTE AND BIND

Other than as set forth in this Agreement, each party to this Agreement represents and warrants that no other person or entity has or has ever had any interest in the claims, demands, obligations, or causes of action referred to in this Agreement, and that each has the sole right and exclusive authority to execute this Agreement and receive the sums and other considerations specified herein, and that each has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Agreement. Each signatory to this Agreement respectively warrants that the undersigned signatory executing the Agreement on behalf of a party has the power and authority to bind the person or entity on whose behalf this Agreement is signed and will hold harmless any party to this Agreement for attorneys' fees, costs, expenses, or damages incurred or paid as a result of any assertion that such person or entity lacks such authority, or does not have sole right to the claims that are the subject of this Agreement, or that any such claim has been assigned.

18.   BENNIGSON REPRESENTATION AND WARRANTY AS TO BEING THE SOLE CLAIMANT TO THE PAINTING

Mr. Bennigson represents and warrants that he is the sole heir to Carlota Landsberg and that he has no knowledge of any other person or entity that has any claim to the Painting or other claim challenging the validity of Mrs. Alsdorf's title to the Painting.

19.   INVESTIGATION OF FACTS

Each party to this Agreement has made such investigation of the facts pertaining to this settlement and this Agreement and of all the matters pertaining thereto as it deems necessary.

20.   ENTIRE AGREEMENT AND SUBSEQUENT MODIFICATIONS

This Agreement, and any agreement referenced herein, constitutes the entire Agreement between the parties and supersedes all prior and contemporaneous contracts, agreements, promises and understandings between the parties on any subject. This Agreement and the provisions hereof cannot be altered or modified by a fully or partially executed oral modification, and further can not be altered, modified or otherwise changed in any respect except by a subsequent writing duly executed by all parties-hereto or by their authorized representatives. No representations, circumstances or conditions occurring prior to this Agreement shall be used in any way by any party to modify the Agreement.

13

SCANNED

21.   CONSTRUCTION

Each party hereto, or its legal representative, has been given a copy of the draft of this agreement, and has had the opportunity to participate in the drafting and preparation of this Agreement, and this Agreement therefore shall not be construed by any party as against any party.  The parties to this Agreement each stipulate that they are of equal sophistication, and this Agreement shall not be construed by any of them as against any of them based upon any claims of unequal sophistication or bargaining power.

22.   CONTENT OF AGREEMENT

The numbers, headings, titles or designations of the various Paragraphs are not a part of this Agreement, but are for convenience or reference only, and do not and will not be used to define, limit or construe the contents of the Paragraphs.

23.   CALIFORNIA LAW APPLICABLE

This Agreement is to be construed pursuant to the substantive law of the State of California, without regard to California's choice-of-law rules.

24.   ENFORCEMENT OF SETTLEMENT AGREEMENT

Under the proposed Consent Judgment that the parties to the Forfeiture Action shall lodge with the United States District Court for the Central District of California, the court shall retain jurisdiction over the Forfeiture Action to enforce the terms of this Settlement Agreement.  All parties to this Settlement Agreement hereby consent to jurisdiction and venue in the United States District Court for the Central District of California for any action brought by any party to enforce the terms of this Settlement Agreement.  In any action to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to recover his, her or its costs and reasonable attorneys' fees.

25.   COUNTERPARTS

This Agreement may be executed in counter-parts, each of which is equally admissible in evidence, and each executed counter-part shall fully bind each party who has executed it.  A faxed copy of this Agreement may be deemed as an original.

26.   BENEFICIARIES

This Agreement is binding upon and shall inure to the benefit of each of the parties hereto and their respective subsidiaries, affiliates, predecessors, successors, shareholders, directors, officers, employees, attorneys, agents, representatives, heirs and assigns.

27.   DECLARATIONS

Each party and signatory below declares that each has read this Agreement, knows and understands its contents, and comprehends and agrees to all its terms, conditions and meanings.

**IN WITNESS WHEREOF**, Mrs. Alsdorf, Mr. Bennigson, Mr. Tunkl and the Government have executed this Agreement on the date first written above.

UNITED STATES OF AMERICA

MARILYNN B. ALSDORF

By:_____
        John E. Lee
        Assistant United States Attorney

_____
DAVID TUNKL

_____
THOMAS C. BENNIGSON

**IN WITNESS WHEREOF**, Mrs. Alsdorf, Mr. Bennigson, Mr. Tunkl and the Government have executed this Agreement on the date first written above.

UNITED STATES OF AMERICA

By: _____

_____                    John E. Lee
MARILYNN B. ALSDORF                                  Assistant United States Attorney


_____          _____
DAVID TUNKL                                THOMAS C. BENNIGSON

09/05/2005  15:59   31031^^916                    BERNARD & BER^^^                    PAGE 02/02

2701

**IN WITNESS WHEREOF**, Mrs. Alsdorf, Mr. Bennigson, Mr. Tunkl and the Government have executed this Agreement on the date first written above.

UNITED STATES OF AMERICA

By:_____

MARILYNN B. ALSDORF                       John E. Lee
                                          Assistant United States Attorney

DAVID TUNKL                               THOMAS C. BENNIGSON

-8-

17

TOTAL P.02

IN WITNESS WHEREOF, Mrs. Alsdorf, Mr. Bennigson, Mr. Tunkl and the Government have executed this Agreement on the date first written above.

UNITED STATES OF AMERICA

By:_____
     John E. Lee
     Assistant United States Attorney

_____
MARILYNN B. ALSDORF

_____
DAVID TUNKL

_____
THOMAS C. BENNIGSON

TOTAL P.09

**EXHIBIT A**

**PUBLIC NOTICE**

Please take notice of the action captioned <u>United States of America v. One Oil Panting Entitled "Femme en Blanc" by Pablo Picasso</u>, Case No. CV04-8333, filed on October 6, 2004 in the United States District Court for the Central District of California (the "Forfeiture Action") in which issues of ownership of the painting entitled "Femme en Blanc" by Pablo Picasso (the "Painting") have been submitted to the court. Two persons, Thomas C. Bennigson of Oakland, California and Marilynn B. Alsdorf of Chicago, Illinois, have filed verified statements of interest in the Painting and have reached an agreement between themselves and the United States of America to resolve the issues of ownership of the Painting. All persons or entities seeking to claim an interest in the Painting must file a verified statement of interest in or right to the Painting on or before October 31, 2005 with the Clerk of the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California 90012 U.S.A. and file a verified answer to the complaint for forfeiture within twenty days after the filing of the verified statement of interest or right. Failure to comply with these requirements shall result in the forfeiture of any actual or potential interest in or right to the Painting.

**EXHIBIT B**

[Consent Judgment]

-16-

20

SCANNED

DEBRA WONG YANG
1  United States Attorney
   THOMAS P. O'BRIEN
2  Assistant United States Attorney
   Chief, Criminal Division
3  STEVEN R. WELK
   Assistant United States Attorney
4  Chief, Asset Forfeiture Section
   JOHN E. LEE
5  Assistant United States Attorney
   California Bar No. 128696
6       1400 United States Courthouse
        312 North Spring Street
7       Los Angeles, California 90012
        Telephone:  (213) 894-3995
8       Facsimile:  (213) 894-7177
        E-Mail:  john.lee2@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11              UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                  WESTERN DIVISION

14 UNITED STATES OF AMERICA,        )   NO. CV 04-8333-FMC(AJWx)
                                    )
15           Plaintiff,             )   [PROPOSED]
                                    )
16      v.                          )   CONSENT JUDGMENT
                                    )
17 ONE OIL PAINTING ENTITLED "FEMME )
   EN BLANC" BY PABLO PICASSO,      )
18                                  )
                                    )
19           Defendant,             )
   _____)
20 MARILYNN B. ALSDORF and          )
   THOMAS C. BENNIGSON,             )
21                                  )
             Claimants,             )
22 _____)
                                    )
23 THOMAS C. BENNIGSON,             )
                                    )
24           Cross-Claimant,        )
                                    )
25      v.                          )
                                    )
26 MARILYNN B. ALSDORF,             )
                                    )
27           Cross-Defendant.       )
   _____)
28 _____

21

1    On October 6, 2004, plaintiff United States of America (the
2  "government") filed this civil in rem forfeiture action, seeking
3  forfeiture of the defendant property, one oil-painting entitled
4  "Femme en Blanc," by Pablo Picasso (the "Painting"), pursuant to 18
5  U.S.C. §§ 981(a)(1)(C) and 2314 & 2315.

6    On October 21, 2004, process issued by this Court was served
7  on the Painting.  Notice was also published in the Chicago Tribune,
8  a newspaper of general circulation on November 8, 15, and 22, 2004.
9   In addition, notice was mailed, by certified letter, to parties
10 known to the government to have an interest in the Painting.

11    On November 22, 2004, a statement of interest was filed by
12 claimant Marilynn B. Alsdorf ("Alsdorf").

13    On November 29, 2004, a statement of interest was filed by
14 claimant Thomas C. Bennigson ("Bennigson").

15    On December 13, 2004, Bennigson filed an answer to the
16 forfeiture complaint and a cross-claim against Alsdorf.

17    On April 14, 2005, Alsdorf filed answers to the forfeiture
18 complaint and the cross-claim filed by Bennigson.

19    On June 13, 2005, the parties participated in a settlement
20 conference before the Honorable Margaret A. Nagle, United States
21 Magistrate Judge, at which the parties reached an agreement in
22 principle to resolve their disputes and avoid further litigation.

23    On July 25, 2005, Professor Ewald R. Weibel and Janet F.
24 Briner, members of the Foundation Council of the Silva Casa
25 Foundation, which had asserted a claim to the Painting prior to the
26 filing of this action, executed an Acknowledgment of Notice and
27
28

-7-
22

1   Release of Claims relating to the Painting, a true and correct copy

2   of which is attached hereto as Exhibit A.

3        On _____, the parties to this action and David Tunkl

4   entered into a Settlement Agreement (the "Settlement Agreement"), a

5   copy of which is attached hereto as Exhibit B and incorporated

6   herein by this reference.

7        In furtherance of the Settlement, on _____, _____,

8   _____, _____, _____ and _____ 2005, the Notice

9   attached hereto as Exhibit C was published in the New York Times,

10  The Financial Times, Le Monde, and Frankfurter Allemeine in the

11  language of each respective publication.

12       Now, therefore, the Court having been duly advised of and

13  having considered the matter, and based upon the mutual consent of

14  the parties hereto,

15       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

16       1.  This Court has jurisdiction over this action pursuant to

17  28 U.S.C. §§ 1345 and 1355.

18       2.  Notice of this action has been given as required by law.

19  No appearance has been made in this action by any person other than

20  Alsdorf and Bennigson.  The Court deems that all other potential

21  claimants admit the allegations of the Complaint for Forfeiture to

22  be true and that no claimant, besides Alsdorf and Bennigson, has

23  any cognizable claim to the Painting.

24       3.  The Court hereby declares and decrees that Alsdorf has

25  exclusive right, title, and interest in the Painting.

26       4.  Alsdorf and Bennigson hereby release the government, its

27

28

1  agencies, officers, and employees, including employees of the

2  Federal Bureau of Investigation and the United States Marshals

3  Service, from any and all claims, actions, or liabilities arising

4  out of or related to this action, including, without limitation,

5  any claim for attorneys' fees, costs, or interest.  The Government

6  hereby releases any claim of forfeiture of the Painting.

7       5.  The Court retains jurisdiction over this matter to

8  effectuate the terms of the Settlement Agreement, a copy of which

9  is attached hereto as Exhibit B and incorporated herein by this

10 reference.

11      6.  The Court finds that there was reasonable cause for the

12 seizure of the Painting and institution of these proceedings.  This

13 judgment shall be construed as a certificate of reasonable cause

14 pursuant to 28 U.S.C. § 2465.

15      7.  The parties shall each bear their own attorneys' fees and

16 other costs of litigation.

17      DATED:_____

18                                    FLORENCE-MARIE COOPER
                                       United States District Judge
19

20                              CONSENT

21      The parties hereto consent to the entry of the foregoing

22 judgment and waive all rights of appeal.

23      DATED:_____    DEBRA WONG YANG
                                           United States Attorney
24                                         THOMAS P. O'BRIEN
                                           Assistant United States Attorney
25                                         Chief, Criminal Division
                                           STEVEN R. WELK
26                                         Assistant United States Attorney
                                           Chief, Asset Forfeiture Section
27

28                              ⚡

                                24

SCANNED

1

2

3

4          JOHN E. LEE
           Assistant United States Attorney
5
           Attorneys for Plaintiff
6          UNITED STATES OF AMERICA

7   DATED: _____   BURRIS & SCHOENBERG, LLP
                                  E. RANDOL SCHOENBERG, ESQ.
8                                 DONALD S. BURRIS, ESQ.
                                  JESSICA A. MOSKOVITZ, ESQ.
9

10

11         E. RANDOL SCHOENBERG, ESQ.

12         Attorneys for Claimant and Cross-
           Complainant THOMAS C. BENNIGSON
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCANNED

1    DATED:_____   SHEPPARD MULLIN RICHTER & HAMPTON
                                                     POLLY TOWILL, ESQ.

2                                                       SHEPPARD MULLIN RICHTER & HAMPTON
                                                   ROSCOE C. HOWARD, JR., ESQ.

3                                                     MARK E. NAGLE, ESQ.

4                                                     FAGELHABER LLC

5                                                     RICHARD H. CHAPMAN, ESQ.
                                                   DAVID M. ROWND, ESQ.

6

7                                                   _____

8                                                   DAVID M. ROWND, ESQ.

9                                                 Attorneys for Claimant and Cross-

10                                                Defendant MARILYNN B. ALSDORF

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCANNED

## EXHIBIT C

## RELEASE

Marilynn B. Alsdorf ("Alsdorf"), her successors, heirs, and assigns, in consideration for a settlement agreement between Alsdorf, Thomas C. Bennigson and the United States of America, dated as of August _8_ , 2005, hereby releases and discharges Stephen Hahn, his successors, heirs, and assigns from all claims, causes of action, rights, demands, liabilities, and suits including, but not limited to, any claims, causes of action, rights, demands, liabilities, and suits arising from Mr. Hahn's purchase or sale of a painting by Pablo Picasso known as "Femme en Blanc." (the "Released Claims").

The Released Claims also include "Unknown Claims," which means any Released Claim which Alsdorf does not know or does not suspect to exist in her favor at the time of the release which, if known by her, might have affected her settlement with Bennigson or release of claims against Hahn. With respect to any and all Released Claims, Alsdorf expressly waives the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Alsdorf expressly waives any and all provisions, rights, and benefits conferred by any laws of any state or territory of the United States or principles of common law that are similar, comparable, or equivalent to California Civil Code § 1542. Alsdorf may hereafter discover facts in addition to, or different from, those which she now knows or believes to be true with respect to the subject matter of the Released Claims, or may sustain losses or damages in the future, or discover that she has sustained losses or damages that are presently unknown. Alsdorf shall be deemed to have fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional with or without malice or any breach of any duties, laws, or rules, without regard to the subsequent discovery or existence of such different or additional facts. Alsdorf acknowledges that the foregoing waiver was separately bargained for and was a material term of the Settlement Agreement.

DATED: August _8_, 2005

By _(signature)_
Name:
Title:

-17-

- 27 -

STATE OF _ILLINOIS_

        **ss.:**

COUNTY OF _Cook_

SUBSCRIBED and sworn to before me this _8_ day of _August_, 2005.

_____

Notary Public

```
"OFFICIAL SEAL"
LAURA MURAOKA
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3/16/2007
```

28

SCANNED

**EXHIBIT D**

# Press Release   <u>Draft: Not for Publication</u>

For Immediate Release: [Date]

Litigation Over Picasso Painting Settled Out of Court

LOS ANGELES, CHICAGO, [Date] – Litigation pending in three separate forums regarding ownership of a Pablo Picasso painting, *Femme en blanc* ("Women in White"), has been resolved by mutual agreement in an out-of-court settlement. The painting was reported by the Art Loss Register, Ltd. of London, England to have been looted by Nazis in Paris during the Holocaust and disappeared from public view for 35 years. Plaintiff Thomas Bennigson, resident of the Bay Area in Northern California, grandson and sole heir of Carlota Landsberg, the original owner of the painting, filed a civil suit in California state court that was pending before the California Supreme Court on jurisdictional issues. The defendant in that lawsuit, Marilynn Alsdorf of Chicago, Illinois, who with her now deceased husband James Alsdorf had purchased the painting in 1976 from the Stephen Hahn Gallery in New York City, filed suit in U.S. District Court for Northern Illinois in which she asked the court to remove the cloud that had been placed on her title to the painting.  Following investigation by the Los Angeles Field Office of the Federal Bureau of Investigation, the United States Attorneys Office filed a lawsuit to seize and recover the painting in the U.S. District Court for the Central District of California.

Agreement was reached after discussion and negotiation between the parties and their attorneys in Los Angeles on June 13, moderated by United States Magistrate Judge Margaret A. Nagle of U.S. District Court for the Central District of California. Thomas Bennigson was represented by his legal counsel, E. Randol Schoenberg of Burris & Shoenberg, LLP in Los Angeles. Marilynn Alsdorf was represented by her attorneys, Richard H. Chapman and David M. Rownd of FagelHaber, LLC in Chicago. Assistant U.S. Attorney for the Central District of California John E. Lee attended the session and concurred that issues in the government's case were appropriately resolved with the settlement agreement. While maintaining that the painting had been purchased in good faith with proper legal title, Marilynn Alsdorf agreed to the settlement citing her advanced age and the need to resolve financial claims so her commitments to family and charitable organizations may be completed. Under the terms of the settlement agreement, Mrs. Alsdorf will make a substantial monetary payment to Mr. Bennigson after the United States District Court for the Central District of California enters a Consent Judgment decreeing that Mrs. Alsdorf has incontestable title to the painting.

# # #

434396_6.DOC

36

**EXHIBIT A**

**PUBLIC NOTICE**

    Please take notice of the action captioned United States of America v. One Oil Panting Entitled "Femme en Blanc" by Pablo Picasso, Case No. CV04-8333, filed on October 6, 2004 in the United States District Court for the Central District of California (the "Forfeiture Action") in which issues of ownership of the painting entitled "Femme en Blanc" by Pablo Picasso (the "Painting") have been submitted to the court. Two persons, Thomas C. Bennigson of Oakland, California and Marilynn B. Alsdorf of Chicago, Illinois, have filed verified statements of interest in the Painting and have reached an agreement between themselves and the United States of America to resolve the issues of ownership of the Painting. All persons or entities seeking to claim an interest in the Painting must file a verified statement of interest in or right to the Painting on or before October 31, 2005 with the Clerk of the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California 90012 U.S.A. and file a verified answer to the complaint for forfeiture within twenty days after the filing of the verified statement of interest or right. Failure to comply with these requirements shall result in the forfeiture of any actual or potential interest in or right to the Painting.

EXHIBIT C

30

## NOTIFICATION PUBLIQUE

Vous êtes notifiés de la procédure impliquant les Etats-Unis d'Amérique et relative à une peinture de Pablo Picasso intitulée « Femme en Blanc », procédure enregistrée sous le numéro CV 04-8333 et introduite le 6 octobre 2004 auprès du Tribunal de Première Instance des Etats-Unis pour le District Central de Californie (« *the United States District Court for the Central District of California* »), dans laquelle a été soumise au Tribunal la détermination du propriétaire du tableau intitulé « Femme en Blanc » et peint par Pablo Picasso (la « Peinture »). Deux personnes, Thomas C. Bennigson d'Oakland, en Californie, et Marilynn B. Alsdorf de Chicago, dans l'Illinois, ayant émis des revendications admissibles sur le tableau, un accord a été conclu entre elles et les Etats-Unis d'Amérique pour régler la question de la propriété du tableau. Toutes les personnes physiques ou morales désireuses de revendiquer un droit sur le tableau doivent émettre une déclaration certifiée d'intérêt ou de droit sur le tableau avant ou le 31 octobre 2005 auprès du Greffe du Tribunal de Première Instance des Etats-Unis pour le District Central de Californie (« *Clerk of the United States District Court for the Central District of California* »), 312 North Spring Street, Los Angeles, California 90012 Etats-Unis d'Amérique et souscrire une réponse certifiée à la demande de revendication dans les 20 jours après la régularisation de la déclaration certifiée d'intérêt ou de droit. L'inobservation de ces exigences entraînera la déchéance de tout intérêt ou droit, né ou éventuel, relatif au tableau.

## ÖFFENTLICHE BEKANNTMACHUNG

Es wird hiermit auf die Zivilklage "United States of America v. One Oil Painting Entitled 'Femme en Blanc' by Pablo Picasso" No. CV04-8333 hingewiesen, die am 6. Oktober 2004 beim *United States Court for the Central District of California* (die "Verwirkungsklage") bezüglich Fragen der Besitzverhältnisse des Gemäldes "Femme en Blanc" von Pablo Picasso (das "Gemälde") eingereicht wurde.

Thomas C. Bennigson aus Oakland, Kalifornien, und Marilyn B. Alsdorf aus Chicago, Illinois, haben eidesstattliche Erklärungen ihres Interesses ("Verified Statement of Interest") an dem Gemälde eingereicht und werden im gegenseitigen Einvernehmen mit den Vereinigten Staaten von Amerika, die Besitzverhältnisse des Gemäldes feststellen lassen.

Alle natürlichen Personen oder juristische Personen, die einen Anspruch auf das Gemälde erheben wollen, müssen eine eidesstattliche Erklärung ihres Interesses an dem Gemälde oder ihres Rechts an dem Gemälde ("Verified Statement of Interest in or Right to the Painting") bis spätestens 31. Oktober 2005 bei dem *Clerk of the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, California 90012, U.S.A.* einreichen und innerhalb von zwanzig Tagen danach eine eidlich bestätigte Antwort auf die Klageschrift einreichen.  Die Nichtbefolgung dieser Voraussetzungen hat den Verlust jeglicher Ansprüche oder Rechte an dem Gemälde zur Folge.

<u>PROOF OF SERVICE BY MAILING</u>

     I am over the age of 18 and not a party to the within action.  I am employed by the Office of the United States Attorney, Central District of California.  My business address is 312 North Spring Street, 14th Floor, Los Angeles, California 90012.

     On <u>November 15, 2005</u>, I served a <u>STIPULATION ATTACHING EXHIBITS TO CONSENT JUDGMENT; [PROPOSED] ORDER THEREON</u> on each person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices.

TO:   **SEE ATTACHED SERVICE LIST**

_X_ I am readily familiar with the practice of this office for collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

___ Via Hand Delivery

___ Via Fax

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on: <u>November 15, 2005</u> at Los Angeles, California.

Janice L. Corona

SCANNED

1

**SERVICE LIST**

1.   E. Randol Schoenberg, Esq.
     Burris & Schoenberg, LLP
     12121 Wilshire Blvd., Suite 800
     Los Angeles, CA  90025

2.   David M. Rownd, Esq.
     FabelHaber LLC
     55 East Monroe Street, 40th Floor
     Chicago, IL  60603

3.   Polly Towill, Esq.
     Sheppard Mullin Richter & Hampton LLP
     333 South Hope Street, 48th Floor
     Los Angeles, CA  90071